IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

JOHN DOE and JANE DOE, as the )
Natural Parents and Next Friends of )
Their Minor Child, JAMES DOE, )
)
    Plaintiffs, )
)     **3-06-0924**
vs. ) Civil Action No. _____
)
THE WILSON COUNTY SCHOOL )
SYSTEM; DR. JIM DUNCAN, )
Director of Wilson County )
Schools; WENDELL MARLOWE, )
Principal of the Lakeview Elementary )
School; YVONNE SMITH, Assistant )
Principal of Lakeview Elementary )
School; and JANET ADAMSON, )
Teacher at Lakeview Elementary )
School, )
)
    Defendants. )

## PLAINTIFFS' SUPPORTING MEMORANDUM

    Plaintiffs have filed this lawsuit using synonyms rather than their true identity. As alleged in the Complaint, the individual Plaintiffs are citizens and residents of Wilson County, Tennessee and the suit is brought on behalf of their minor child, alleging Establishment Clause violations in the Lakeview Elementary School and Wilson County. As alleged in the Complaint, if the identity of the parties are disclosed and become known, they will be subject to adverse consequences and repercussions in the community.

    This Court has the discretionary authority to enter a Protective Order to control discovery and to protect the rights of the parties. See *Chemical and Industry Corp v Druffel*, 301 Fed.2d 126 (630, 1962) and *Textured Yarn Co. v Burkart-Schier Chemical Co.*, 41 Federal Rules Decision, 158 (E. Dist. Tenn., 1966)

The court in *Doe v. Porter*, 370 Fed.3d 558 (6th Cir., 2004), affirmed the District Court's issuance of a Protective Order maintaining the anonymity of the Plaintiffs in a case alleging Establishment Clause violations in facts very similar to the present instance. In *Doe v. Porter*, as in the present instance, there was a minor child enrolled in an elementary school. In affirming the lower court's decision, the court pointed out that "this suit – challenging a government activity – forces plaintiff to reveal their belief about a particularly sensitive topic that could subject them to considerable harassment." 370 Fed.3d at page 560. The court further pointed out that because the case was brought on behalf of young children, they were subject to a heightened sense of protection. Similar facts are present in this case, and for these reasons, Plaintiffs ask that they be allowed to pursue this matter with their true identities under seal.

Respectfully submitted,

By: _____
Edmund J. Schmidt III, TN Bar #021313
1913 21st Avenue South
Nashville, Tennessee 37212
Phone: (615) 742-1775
Fax: (615) 742-1223

*VOLUNTEER AND COOPERATING ACLU ATTORNEY*

Susan Kay
Chair ACLU Legal Committee
131 21st Ave. South
Nashville, TN 37203-1120