UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:06-0924 |
| v. ) | Judge Echols |
| ) | |
| THE WILSON COUNTY SCHOOL ) | |
| SYSTEM, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

For the reasons explained in the Memorandum entered contemporaneously herewith, Plaintiffs' Motion To Set Attorney's Fees (Docket Entry No. 136) is hereby GRANTED IN PART AND DENIED IN PART.

The Motion is GRANTED in that the Court finds that Plaintiffs are the prevailing party and they are entitled to reasonable attorney's fees. Pursuant to 42 U.S.C. § 1988, Mr. Edmund J. Schmidt III may recover attorney's fees in the amount of $154,160.00. Ms. Tricia R. Herzfeld's request for attorney's fees is GRANTED IN PART and DENIED IN PART. Her request is reduced from $19,800.00 to $16,900.00. This results in a grand total of $171,060.00 in approved attorney's fees payable by Defendants to Plaintiffs.

The Motion is DENIED in that Plaintiffs' attorneys failed to comply with Local Rule 54.01(a) in seeking reimbursement for costs under 28 U.S.C. § 1920, and they also did not justify separate litigation expenses that may be recoverable under 42 U.S.C. § 1988. The current request for expense reimbursement is DENIED.

1

Plaintiffs may file, **no later than fourteen (14) days after entry of this Order** a motion seeking reimbursement for allowable costs under 28 U.S.C. § 1920 and allowable expenses under 42 U.S.C. § 1988. The motion must include specific documentation of each expense for which reimbursement is requested and must be supported by a legal memorandum justifying the relief sought. Plaintiffs may not seek additional attorney's fees for preparing the motion, attachments, and legal memorandum. If desired, Defendants may file a response **no later than seven (7) days after service of Plaintiff's motion.** There shall be no reply.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE